FILED
JUL 18 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HORTENCIO ARCELO
DACAYO ST., SAN MARCELINO
2207 ZAMBALES
REP. OF THE PHILS.

VS.

THE HONORABLE DONALD C. WINTER
SECRETARY OF THE NAVY
DEPARTMENT OF THE NAVY
HUMAN RESOURCES OFFICE
(YOKOSUKA, JAPAN)
PSC 473, BOX 22, N134
FPO AP 96349-0022

Case: 1:08-cv-01247
Assigned To : Huvelle, Ellen S.
Assign. Date : 7/18/2008
Description: Employ Discrim.

## COMPLAINT

I filed a discrimination complaint through the United States Department of the Navy, Human Resources Office, (Yokosuka, Japan), PSC 473, Box 22, N134, FPO AP 96349-0022, about the Department's noncompliance in the implementation of Office of Personnel Management's (OPM), about Public Law No. 100-238, Section 110, that provided to any individual meeting the definition of an "employee" as defined at 5 United States Code (USC), section 8331(1) to avail of having to make a deposit to the Civil Service Retirement and Disability Fund (Fund) for those employees of the Federal Government where no timely retirement deductions to the Fund were withheld from their salary. The Department of the Navy under the law, was the sole agent of OPM in this matter, failed to inform me (us) about the law's implementing rules and regulations during the time frame mentioned under the law

RECEIVED
JUL - 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

from January 8, 1988 until January 8, 1990, and when the Navy left the Philippines in November 1993, and later came to know about the law in 2007, and did filed a claim for discrimination. The Department's rejected my claim on the ground that I have no right to come within Title VII of the Civil Rights Act of 1964, as amended pursuant to 29 Code of Federal Regulation (CFR) 1614.103 (c, 4 which provided that "Aliens employed in positions, or who apply for positions, located outside the limits of the United States" are not covered under Title VII.

The dismissal of the complaint read in pertinent part as follows:

> The dismissal of this complaint is not based on the merits of the complaint's claim that he should have been covered under the civil service retirement system. The dismissal of the instant case is based solely on the employee's status as a non-U.S. citizen and therefore he has no standing to file a claim of discrimination under the provisions of reference (c).

Citizenship in the United States-Every sovereign state determine for itself the circumstances which shall be recognize as creating natural or native-born citizenship, as well as the conditions under which an alien may be admitted to membership in its citizen body. Many states adopted their general principle the jus sanguinis, accordingly to which the children take citizenship of the father, or, if illegitimate of the mother. Other states accept the rule of jus soli, according to which a person becomeas a citizen of the state within whose terreitotial limits he is born. This latter rule is constitutionally obligatory upon the United States ("US").

As a result of the Spanish-American War, the US acquired certain territory the inhabitants of which were held to be neither aliens or citizens of the United States.

Spain ceded the Philippine Islands, Guam, and Porto Rico to the US under the terms of the "Treaty of Peace" signed in Paris December 10, 1898.

In England, a citizen was a person who was born in that country and remained under its jurisdiction. In the rest of Europe citizenhsip was determined by parental nationality. The English version was the prevailing assumption in America. These two doctrines existed at the time the US Constitution was written.

The Fourteenth Amendment to the US Constitution, ratified in 1868 the first sentence of the amendment state that "(a)ll persons born or naturalized in the United States" and subject to its jurisdiction are citizens of the US and of the state where they reside. (See Civil War Amendments).

Following the transfer from Spain of the Philippine Islands to the US in Article III of the Treaty of Paris of December 10, 1898, see 30 Stat. 1254, which ended the Spanish American War. President McKinley established a civil authority over the Philippines known as the Philippine Island Commission. The powers and duties of the Commission were set forth in Presidential Instructions to the Comnission dated April 7, 1900, and reaffirmed by Executive Order (unnumbered) dated June 21, 1901. By the Act of July 1, 1902, 32 Stat. 691, Congress expressly ratified both the Presidential

3

Instructions and the Executive Order. See *Ivanhoe Irrigation District v. McCracken*, 357 U.S. 275, 293-94 (1958)

The Presidential Instructions vested the Commission, effective September 1, 1900, with "that part of the power of government in the Philippines Islands which is of a legislative nature" until Congress provided otherwise or a different central government was established.

The Act of July 1, 1902, in addition to ratifying the President's orders establishing the Philippine Commission, clearly indicated that, while the Philippines were subject to the sovereignty of the US, they were not to be deemed a part of the US for purposes of the applicability of Federal statutes generally. Section of the Act of Congress of July 1, 1902 in Public No. 235, it provides:

> An Act to <u>temporarily</u> to provide for the administration of Civil Government in the Philippine Islands, and for other purposes.

Section 1 of the 1902 Act stated as follows:

> The provisions of section 1891 of the Revised Statutes of 1878 shall not apply to the Philippine Islands.

Section 1891, referred to above, provided that:

> The Constitution and all laws of the United States which are not locally inapplicable shall have the same effect within all organized Territories, and in every Territory herafter organized as elsewhere within the United States.

In addition, Congress specifically provided for citizenship for inhabitants of the Philippines that was separate from United States citizenship. Section 4 of the Treaty of Paris contained a listing of Philippine citizenship. It read:

4

> 4. That all inhabitants of the Philippine Islands continuing to reside therein who were Spanish subjects on the eleventh day of April, eighteen hundred and ninety-nine, and then reside in said Islands, and their children born subsequent thereto, shall be deemed and held to be citizens of the Philippine Islands and as such entitled to the protection of the United States except such as shall have elected to preserve their allegiance to the Crown of Spain in accordance with the treaty of peace between the United States and Spain signed at Paris December tenth, eighteen hundred and ninety-eight.

The object of these temporary provisions were to maintain the responsibility of the US for the general conduct of the Civil Government prior to the inauguration of the Philippine Commonwealth Government, at the end of which the islands were to become a "state."

Congress passed the so-called "Tydings-McDuffie act," approved by the President on March 24, 1934, called the "Independence Act of 1934." This Act have brought a <u>change</u> in the status of the islands, and thus <u>created</u> the "Commonwealth of the Philippines" attaining its new standing as "COMMONWEALTH OF THE PHILIPPINE ISLANDS," as now a "'state'" though not an independent state. <u>See</u> attached copy of a National Archives reference report relating to US Treaties and International Agreements, part of which, analyzing the status of the newly created "COMMONWEALTH OF THE PHILIPPINE ISLANDS," as part of the Union of American states.

Both the Acts of Congress and the ordinance appended the Constitution of the Commonwealth of the Philippine Islands show clearly that it was intended that full sovereignty over the Philippines was to be retained by the US during the transition

period of ten years (November 15, 1935 to July 3, 1946), provided for in the Act. They show that, while the government of the Philippine Islands was to have a large measure of self-government, they were not to constitute a separate state under the rules of international law. In other words, it was clearly intended that the United States and the Philippine Islands should constitute a singel state.

Therefore, under the default rule in the Treaty of Peace, those born on and after November 15, 1935 but before July 4, 1946, were citizens of the United States under the doctrine of "jus soli," they being borned in the continental US where they reside, and were also citizens of the Philippine Islands (dual citizenship) as called for under the US CONSTITUTION in its Fourteenth Amendment.

I was born in then state of the Commonwealth of the Philippine Islands, on December 19, 1938, with dual citizenship. Thus, I met the conditions of citizenship under the FOURTEENTH AMENDMENT definition of a (US) citizen. In

In <u>Afroyim v. Rush</u>,(1967) the Supreme Court of the United States, held, 5-4, that Congress has no power "to take away an American citizenship without his assent."

Since then I never went into open court (US Court) to renounce any of my dual citizenship.

6

I am requesting this Honorable court to confirmed my having been born a US citizen under the provision of the "jus soli," doctrine when then Philippine Islands, attained its status as a new state, under title of "COMMONWEALTH OF THE PHILIPPINE ISLANDS" where the state had been clothed with the provisions of the US Constitution, specifically under the Fourteenth Amendments of the US Constitution. I ask for a <u>trial by jury</u> in this case, and am <u>not</u> specifying an amount of money, but, rather ask the Honorable court to confirmed by having been born a US citizen, and thus, the Department of the Navy allow me to have access under the Civil Rights Act of 1964, Title VII, as amended.

Accordingly, the Commission has, consistently held that claims of unlawful discrimination brought by foreign nationals employed by agencies outside the United States do not come within the purview of the EEOC Regulations. Fogarty v. Department of State, Appeal No. 01974143 (August 6, 1998).

As I have proven by evidence that I was born a U.S. citizen by birth, though residing in a foreign country, the cited decision by the Commission is inapplicable to my case.


Enclosures
Printed copy of the treaty of Paris, from Treaties and Other International Agreements of the United States of America, 1776-1949, edited by Charles I. Behans
Copy of a National Archives reference report relating to United States Treaties and International Agreement, analyzing the status of the newly created "Commonwealth of the Philippine Islands."



**DEPARTMENT OF THE NAVY**
COMMANDER U.S. NAVAL FORCES, JAPAN
PSC 473 BOX 12
FPO AP 96349-0051

N134
DON 08-61581-00998
5 May 08

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

From: Deputy Equal Employment Opportunity Officer, Human
      Resource Office - Yokosuka, Japan
To:   Rufus F. Nobles, Representative for Hortencio Arcelo, San
      Narciso, 2205 Zambales, Republic of Philippines, 601

Subj: NOTICE OF DISMISSAL OF FORMAL COMPLAINT OF HORTENCIO
      ARCELO V. THE HONORABLE DONALD C. WINTER, SECRETARY OF THE
      NAVY, DON # 08-61581-00998

Ref:  (a) Formal discrimination complaint rec'd 29 Apr 08
      (b) Notice of Receipt of Formal Complaint dtd 30 Apr 08
      (c) 29 CFR § 1614

Encl: (1) Counselor's Report
      (2) Notice of Appeal/Petition (EEOC Form 573)

1. The formal discrimination complaint, identified as reference (a), was received by this office on 29 April 2008, and acknowledged by reference (b).

2. Based upon a review of reference (a), and enclosure (1), and in accordance with reference (d), I am hereby dismissing your client's claim of discrimination for the following reasons:

   Your client claims he was discriminated against on the basis of reprisal (based on Public Law No. 100-238, Title I, Section 10) when he was not granted coverage under the civil service retirement system from 8 January 1988 through 8 January 1990, while employed with the U.S. Navy at Subic Bay Philippines.

Your client's claim is dismissed for failure to state a claim.

3. At 29 CFR 1614.103(c)4 it states that "Aliens employed in positions, or who apply for positions, located outside the limits of the United States" are not covered under Title VII. Your client has provided no evidence that he is a U.S. citizen either by birth or naturalized, and therefore does not have standing to file a claim under reference (d). Although he cites that he should be considered an employee, he does not provide documentation that he is a U.S. citizen, which is the issue in

Subj: NOTICE OF DISMISSAL OF FORMAL COMPLAINT OF HORTENCIO ARCELO V. THE HONORABLE DONALD C. WINTER, SECRETARY OF THE NAVY, DON # 08-61581-00998

determining if the complaint can be accepted for formal processing under Title VII. This dismissal of the instant case is based solely on the employee's status as a non-U.S. citizen and therefore he has no standing to file a claim of discrimination under the provisions of reference (c). Under the Commission's regulatory pre-complaint procedures, EEO counseling is a mandatory first step to pursuing a claim of discrimination in the EEO process, and the agency must provide the counseling to any "aggrieved person" who requests it. See 29 CFR 1614.104. This office has processed your client's pre-complaint as required. The Commission has, consistently held that claims of unlawful discrimination brought by foreign nationals employed by agencies outside the United States do not come within the purview of the EEOC Regulations. *Fogarty v. Department of State,* Appeal No. 01974143 (August 6, 1998); *Bethune v. Panama Canal Commission,* Request No. 05940402, (July 15, 1994); *Howell v. Department of State,* Appeal No. 01930262 (December 18, 1992). Therefore, your client's claim of discrimination is hereby dismissed for failure to state a claim in accordance with 29 CFR 1614.103, 1614.104 and 1614.105.

4. Your client also alleges discrimination on the basis of reprisal. However, your client does not provide information on protected activity he engaged in while employed with the U.S. Navy. To file a complaint on the bases of reprisal, the complaint must allege that he was somehow involved in protected activity involved in raising allegations of discrimination. Since your client has not identified any involvement in the EEO process as a complainant, witness, or as a discloser of alleged discriminatory action, this complaint is also dismissed for failure to state a claim that is actionable under Title Vll.

5. As the complainant is not a prevailing party, no attorney fees are awarded in connection with his discrimination complaint.

6. This is the final department of Navy decision on your complaint. If you are dissatisfied with the decision to dismiss the complaint, you may file a notice of appeal with the Equal Employment Opportunity Commission ("the Commission") within

thirty (30) calendar days of your receipt of this decision. Enclosure (2) should be used when filing your appeal. The appeal form should be submitted to:

>Director, Office of Federal Operations

Subj: NOTICE OF DISMISSAL OF FORMAL COMPLAINT OF HORTENCIO ARCELO V. THE HONORABLE DONALD C. WINTER, SECRETARY OF THE NAVY, DON # 08-61581-00998

Equal Employment Opportunity Commission
P.O. Box 19848
Washington, D.C. 20036

7. At the same time that you file your appeal with the Commission, you must provide a copy of the appeal and all supporting statements to this office at EEO N134, PSC 473 Box 22, FPO AP 96349-0022, within 30 calendar days of filing the Notice of Appeal, enclosure (2).

8. An appeal shall be deemed filed on the day it is postmarked, or, in the absence of a postmark, on the date it is received by the Commission. The 30 calendar-day time limit within which an appeal must be filed will not normally be extended by the Commission. If the appeal is not submitted within the time limit, the Commission may extend the time limit if a written explanation showing that you were not notified of the prescribed time limit, were not otherwise aware of it, or circumstances beyond your control prevented you from filing the Notice of Appeal within the prescribed time limit. A copy of your explanation must be forwarded to the EEO Office.

9. If you elect not to appeal to the Commission, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of this decision. Filing a civil action will result in termination of the administrative processing of your complaint.

10. If you file a civil action under Title VII of the Civil Rights Act of 1964, as amended, or the Rehabilitation Act of 1973, as amended, and do not have, or are unable to obtain the services of a lawyer, you may request the court to appoint a lawyer to represent you. In such circumstances as the court may deem just, the court may appoint a lawyer and ay authorize the commencement of the action without the payment of fees, costs, or security. Any such request must be made within the above-referenced 90 calendar day time limit, for filing suit and in such form and manner as the court may require. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within 90 calendar days from the date you receive this decision.

11. If you file an appeal with the Commission, you may still file a civil action in U.S. District Court within thirty (3)

Subj: NOTICE OF DISMISSAL OF FORMAL COMPLAINT OF HORTENCIO ARCELO V. THE HONORABLE DONALD C. WINTER, SECRETARY OF THE NAVY, DON # 08-61581-00998

calendar days of your receipt of the Commission's final decision on y our appeal. A civil action may also be filed any time after 180 calendar days from the date of filing your appeal to the Commission, if a final decision has not bee issued by the Commission's Office of Federal Operations.

12. You are further notified that if you file a civil action, you must name DONALD C. WINTER, Secretary of the Navy, as the defendant. You must include the name of the person and the official title. Failure to name DONALD C. WINTER, Secretary of the Navy, may result in the loss of any judicial redress you may be entitled to.

13. Thomas LaBelle, EEO Specialist, is the point of contact for this complaint and you may reach him by mail at HRO Yokosuka, PSC 473, Box 22, Code N134, FPO AP 96349-0022, or by email at Thomas.labelle@fe.navy.mil.

JUNARION HUBBARD

Copy to (w/o encl):
(1) Hortencio Arcelo, Decayo Street, San Guillermo, San Marcelino, 2207 Zambales, Philippines 601
(2) HRO Yokosuka N133



H
08-1247
ESH

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Hortencio Arcelo

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 99999
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (MP)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS
The Honorable Donald C. Winter

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT

Case: 1:08-cv-01247
Assigned To : Huvelle, Ellen S.
Assign. Date : 7/18/2008
Description: Employ Discrim.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

3

| ☐ G. *Habeas Corpus/ 2255* | ☒ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 2000

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ DEMAND $ 0 Check YES only if demanded in complaint JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO If yes, please complete related case form.

DATE 7/18/08  SIGNATURE OF ATTORNEY OF RECORD NCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

I:\forms\js-44.wpd